# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## OCTOBER 1998 SESSION

FILED

November 13, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| THOMAS LIGHT, | ) | C.C.A. NO. 01C01-9712-CC-00577 |
| | ) | |
| Appellant, | ) | LAWRENCE COUNTY NO. 18,790 |
| | ) | |
| VS. | ) | HON. WILLIAM B. CAIN, |
| | ) | JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | AFFIRMED - RULE 20 |
| Appellee. | ) | |

## ORDER

The petitioner appeals the trial court's denial of post-conviction relief. He previously entered a best interest plea to one (1) count of aggravated sexual battery with an agreed sentence of eight (8) years as a Range I, standard offender. Petitioner contends his guilty plea was the result of ineffective assistance of counsel. He further contends that the trial court erred accepting his plea in Maury County when the indictment was pending in Lawrence County.

Petitioner alleges he was induced to plead guilty by counsel who told him that he would receive the maximum sentence if he went to trial. He further alleges counsel was ineffective for failing to interview the victim. Petitioner testified at the post-conviction hearing that he was mentally disabled and on medication when he entered the plea. Trial counsel's testimony differed from the petitioner's in all relevant aspects.

Initially, we note the petitioner has failed to prove deficient performance. The state originally offered petitioner a ten (10) year sentence, but trial counsel negotiated it down to the minimum sentence of eight (8) years. Trial counsel could not force the state to make the victim available for an interview; however, counsel testified that she received a copy of the victim's statement and thoroughly reviewed it with petitioner. Trial counsel also secured an evaluation of petitioner's competency. He was declared both competent and sane.

The trial court found the petitioner thoroughly understood, and even stated several times on the record, he was entering a plea that he felt was in his best interests. The trial court also asked the petitioner if he was under the influence of alcohol or drugs at the plea hearing. The petitioner responded negatively.

The guilty plea was entered in Maury County although the indictment was pending in Lawrence County. However, this was discussed at the time of entry of the plea. The petitioner orally agreed to the entry of the plea in Maury County. Although Tenn. Code Ann. § 40-35-214 provides that waiver of venue is to be "in writing," the failure to utilize a written waiver in this instance was harmless error in view of the petitioner's express oral agreement.

The evidence does not preponderate against the findings of the trial court. Further, the petitioner failed to demonstrate that, but for counsel's performance, he would have insisted upon going to trial.

Accordingly, pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, we affirm the judgment of the trial court. Costs are taxed to the state as the appellant is indigent.

All of which is so ORDERED. ENTER:

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**JOSEPH M. TIPTON, JUDGE**

2